Wilde J.
The plaintiffs claim title to the machines and other articles replevied, by virtue of a mortgage, for a debt due to the plaintiffs, from one Andrew, the former owner ; and it has been argued for the defendant, that as the possession did not continue in the mortgagees, the transfer is void as against the other creditors of Andrew ; and this argument must prevail, if it be true, as the defendant contends, that there is no distinction in law between a pledge and a mortgage of goods. A pawnee has only a lien on goods deposited as a pledge, which cannot be maintained but upon the basis of possession. If therefore he relinquishes the possession, although the debt remains unpaid, the lien is ipso facto extinguished. But there is an obvious and material distinction, in this respect, between a pledge and a mortgage. By the latter the right of property passes to the mortgagee, and he may dispose of it as he sees fit, subject only to the condition or right of redemption. Possession is not essential to his title. This distinction seems to have been disregarded or even overlooked in some cases ; it is nevertheless perfectly well established. Powell on Mortg. 3 ; Barrow v. Paxton, 5 Johns. R. 258 ; Jones v. Smith, 2 Ves. jun. 378 ; Bro. Abr. Pledges, 20 ; 15 Mass. R. 244 ; 1 Ld. Raym. 286 ; Cadogan v. Kennett, Cowp. 432 ; Prec. Chan. 285 ; 2 Bos. 6 Pul. 59 ; 1 Pick. 397.[1]
The possession of the vendor after the sale, even if it is absolute, is only prima facie evidence of fraud. It is not *648 conclusive, but may be rebutted by evidence showing the transaction to be bona fide.[2]
The intention of the parties and the circumstances attend ing the sale may be always shown, in order to repel a presumption of fraud, and the question of fraud is to be decid ed on the whole evidence. In cases of conditional sales or mortgages the possession of the mortgager is not inconsist ent with the terms of the contract and the nature of the transaction ; for before condition broken it is uncertain whether the property will vest absolutely in the mortgagee or not, and nothing is more common than to suffer the mortgager to retain possession until this may be ascertained. Stipulations to this effect are often inserted in mortgage deeds, and no one ever imagined, I believe, that they could be deemed fraudulent. The possession, being consistent with the deed, cannot be considered as the ground of constructive fraud. “ If,” says Butter J. in the case of Edwards v. Harben, 2 T. R. 596, “ the conveyance be conditional, there the vendor’s continuing in possession does not avoid it, because by the terms of the conveyance the vendee is not to have the possession till he has performed the condition ; . . . and such possession comes within the rule, as accompanying and following the deed.” It makes no difference, we think, whether this agreement of the parties in respect to the possession appear on the face of the conveyance, or, as in the present instance, in a lease made at the same time, or be otherwise proved, unless indeed it were omitted in the conveyance for the purpose of concealment, or with some other fraudulent design. 16 Mass. R. 279 ; 1 Maule & Sel. 335. In this case the transaction was public, and there is not the slightest suspicion, that in suffering the mortgager to remain in possession, there was any intention to give him a false credit ; nor does it appear that such has been the effect. If there had been any ground for such an imputation, the fact should have been found, and in such case, no doubt, it would vitiate the sale ; for conditional, as well as absolute sales, made for the purpose of dece’ving *649 creditors and giving a false credit to the vendor, are equally fraudulent and void. But in the case under consideration, as the transfer was notorious, as it was made on a good and valuable consideration, and was bond fide, and as the possession was consistent with the terms of the contract, the intention of the parties, and the nature of the transaction, we can see no reason why the plaintiffs are not entitled to iudgment.[1]

Judgment according to the verdict.

 See also Brown v. Bement, 8 Johns. R. 96 ; M‘Lean v. Walker, 10 id. 471, Garlick v. James, 12 id. 146 ; Haven v. Low, 2 N. Hamp. R. 13 ; De Lisle v. Priestman, 1 Brown's (Penn.) R. 176 ; Ward v. Sumner, 5 Pick. 59 ; Story on Bailments, 197, 198 ; Langdon v Buel, 9 Wendell. 80 ; 4 Kent’s Comm. 133.

 The same doctrine as to possession under a mortgage has been maintained in the cases which follow. Ash v. Savage, 5 N. Hamp. R. 545 ; Lewis v. Stevenson, 2 Hall’s (N. Y.) R. 63 ; Bissell v. Hopkins, 3 Cowen, 166 ; Barrow v. Paxton, 5 Johns. R. 258 ; Cortelyou v. Lansing, 2 Caines’s Cas. in Err. 206 ; Baylor v. Smithers, 1 Littell, 111; Adams v. Wheeler, 10 Pick. 199 ; Ward v. Sumner, 5 Pick. 59 ; Glover v. Austin, 6 Pick. 220, 221 ; Flagg v. Dryden, 7 Pick. 52 ; Holbrook v. Baker, 5 Greenl. R. 309 ; Haskell v. Greely, 3 Greenl. R. 425 ; Haven v. Low, 2 N. Hamp. R. 13 ; Dawes v. Cope, 4 Binn. 258 D’Wolf v. Harris, 4 Mason, 515 ; Patten v. Smith, 4 Connect. R. 450 ; Clayborne v. Hill, 1 Wash. R. 177 ; Croft v. Townsend, 3 Desaus. R. 229. But see Clow v. Woods, 5 Serg. & Rawle, 278.
It is now provided by statute in Massachusetts, that no mortgage of personal property shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be taken and kept by the mortgagee, or unless the mortgage be recorded by the clerk of the town, where the mortgager shall reside at the time of making the same. St. 1832, c. 157, § 1; Revised Stat. c. 74, § 5. A similar provision was made in North Carolina in 1830. The legislature of New York also has taken this subject into consideration and made provisions concerning it. 2 Rev. Laws, 136, § 5, 6, 7; ibid. 137, §4 5.

 Wheeler v. Train, 3 Pick. (2d ed.) 257, note 1.